FILED

DEC 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ADALID RODRIGUEZ CARDENAS,

Defendant-Appellant.

No. 10-50515

D.C. No. 3:10-cr-01580-LAB-1

MEMORANDUM[*]

Appeal from United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted November 9, 2012[**]
Pasadena, California

Before: D.W. NELSON and O'SCANNLAIN, Circuit Judges, and Singleton,[***]
Senior District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] This panel unanimously finds this case suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

[***] Honorable James K. Singleton, Senior District Judge, District of Alaska,
sitting by designation.

A jury convicted Adalid Rodriguez Cardenas ("Cardenas") of importation of methamphetamine (21 U.S.C. §§ 952, 960) and possession of methamphetamine with the intent to distribute (21 U.S.C. § 841(a)). The District Court sentenced Cardenas to a prison term of ten years.

On appeal, Cardenas contends that the District Court erred in: (1) admitting into evidence a cell phone; (2) refusing to strike irrelevant testimony of a government witness concerning the witness's "diligence"; (3) allowing into evidence irrelevant testimony that Cardenas's mother's phone number was conveyed to defense counsel; (4) permitting the jury to view a post-arrest video recording of the questioning of Cardenas; (5) allowing the custodian of records to testify concerning the reason that a cell phone would continue to record incoming and outgoing calls after its seizure; (6) giving the Ninth Circuit model jury instruction on circumstantial evidence over the objection of the defendant; (7) not correcting the prosecution's misstatement of the burden of proof; and (8) not concluding that cumulative error requires reversal.

We review evidentiary rulings of a district court for an abuse of discretion. *General Electric Co. v. Joiner*, 522 U.S. 136, 141 (1997); *United States v. Stinson*, 647 F.3d 1196, 1210 (9th Cir. 2011). "We also review the district court's handling of closing arguments for an abuse of discretion." *Wagner v. Cnty. of Maricopa*,

673 F.3d 977, 984 (9th Cir. 2012) (citing *United States v. Lazarenko*, 564 F.3d 1026, 1043 (9th Cir. 2009)). "When a defendant has objected to a jury instruction at trial, we review for an abuse of discretion." *United States v. Johnson*, 610 F.3d 1138, 1148 (9th Cir. 2010).

Admission of Cell Phone

Cardenas correctly argues that there was no direct evidence introduced at trial linking Cardenas to the cell phone, i.e., no evidence that the cell phone was in his possession, actual or constructive, at the time it was seized, that it was registered in his name, or that he gave the number of the cell phone as his telephone number. The necessary connection between Cardenas and the cell phone, however, can be established by either direct or circumstantial evidence. *United States v. Matta-Ballesteros*, 71 F.3d 754, 768 (9th Cir. 1995), *as amended*, 98 F.3d 1100 (9th Cir. 1996). The circumstantial evidence concerning the location of the calls made on March 11 and early on the morning of March 12 is sufficient to establish a connection between the cell phone and Cardenas, and thus the District Court did not err in admitting the evidence of the cell phone.

Agent's Testimony re: "Due Diligence" and Mother's Telephone Number

Cardenas's contention that the District Court erred in refusing to strike irrelevant testimony elicited from the investigating agent concerning her telephone

3

contacts with his mother, son, two daughters, and the person believed to be Cardenas's wife is meritless. Absent some demonstrated prejudicial effect, i.e., that the admission of the evidence affected the jury's verdict, the admission of irrelevant evidence does not require reversal. *See United States v. Tran*, 568 F.3d 1156, 1162 (9th Cir. 2009). Cardenas's argument concerning how the jury might have considered the challenged testimony is based upon supposition and conjecture.

Likewise, the District Court did not err in admitting the agent's testimony that she provided Cardenas's mother's telephone number to defense counsel. Cardenas fails to show any prejudice resulting from the admission of this testimony.

Introduction of the Post-arrest Interrogation Video

We reject the argument that because the evidence could have been introduced by less prejudicial means, other than the video, the District Court abused its discretion. Cardenas's reliance on *United States v. Hernandez*, 109 F.3d 1450, 1452 (9th Cir. 1997), is misplaced. Other than the fact that the jury viewed the excerpts on three occasions, Cardenas presents no argument as to how the use of the video was unfairly prejudicial. We do not manufacture legal arguments in

4

support of an appellant's claims. *See W. Radio Servs. v. Qwest Corp.*, 678 F.3d 970, 979 (9th Cir. 2012).

Testimony concerning Post-arrest use of the Cell Phone

Cardenas's contention that the testimony of the Sprint custodian of records constituted "expert" testimony is similarly unsupported. Cardenas does not explain how the custodian's answers were not meaningful. Nor does Cardenas explain how this made cross-examination ineffective. We agree with the Government that any concern about the custodian's knowledge goes to the weight of the testimony and not its admissibility. *Cf. United States v. Garcia*, 7 F.3d 885, 890 (9th Cir. 1993) ("Ms. Clashin's lack of particularized expertise goes to the weight accorded her testimony, not to the admissibility of her opinion as an expert." (citing *United States v. Little*, 753 F.2d 1420, 1445 (9th Cir. 1984))).

Circumstantial Evidence Instruction

Cardenas's argument that the District Court should have instructed the jury using the California state instruction instead of the Ninth Circuit model jury instruction is meritless. *See United States v. Orozco-Acosta*, 607 F.3d 1156, 1165-66 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 946 (2011).

<u>Failure to Correct Prosecutor's Misstatement of Burden of Proof</u>

Taken in the context of the court's instructions and the prosecutor's arguments as a whole, the prosecutor made clear that the burden of proof was beyond a reasonable doubt.  Thus, Cardenas's argument on this point fails.

<u>Cumulative Error</u>

Because the District Court committed no error, Cardenas is not entitled to relief.  *See United States v. Romo-Chavez*, 681 F.3d 955, 962 (9th Cir. 2012) (citing *United States v. Jeremiah*, 493 F.3d 1042, 1047 (9th Cir. 2007)).

Accordingly, the decision of the district court is affirmed.

**AFFIRMED.**